UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINWE N. ATUEGWU,

                Plaintiff,

        -against-

IRS USA,

                Defendant.

23-CV-2546 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action against the Internal Revenue Service ("IRS"), seeking to recover income tax refunds for the years 2013, 2014, and 2015.[1] By order dated March 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

      For the reasons set forth below, the Court dismisses this action and orders Plaintiff to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new civil actions in this court, in which she seeks tax refunds, without prior permission from the court.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

---

[1] Plaintiff filed this action in the United States District Court for the Northern District of New York. On March 25, 2023, the Northern District transferred this action to this court. (ECF 9.)

Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

A.   **Plaintiff's assertions in the complaint**

Plaintiff brings this action asserting that the IRS has committed "[a]ggravated withholding and deprivation" by not providing her income tax refunds for the years 2013, 2014, and 2015. (ECF 1, at 2.) She further claims that "IRS personnel refused to send my tax return, they said time for the refund has passed. But I filed the tax at a correct time." (*Id.* at 3.)

B.   **Plaintiff's prior actions against the IRS**

1.   *Atuegwu v. United States*, **No. 18-CV-1518 (PAE) (SN)**

On February 20, 2018, Plaintiff filed a *pro se* action against the IRS and its employees in which she sought judicial review of the IRS's refusal to issue her a tax refund as well as damages. See *Atuegwu v. United States*, No. 18-CV-1518 (PAE) (SN), 2019 WL 2023720, at *1 (S.D.N.Y. May 8, 2019) ("*Atuegwu I*"). Judge Engelmayer construed *Atuegwu I* as brought under 26 U.S.C. § 7422 and, by opinion and order dated May 8, 2019, dismissed that action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *Id.* at *2-3.

On September 11, 2019, after Plaintiff informed the court that she had been incarcerated in New Jersey, Judge Engelmayer granted her an opportunity to seek relief from the dismissal order. ECF 1:18-CV-1518, 79. Plaintiff sought reconsideration of the dismissal but, on September 28, 2020, Judge Engelmayer denied that relief. *Atuegwu I*, 2020 WL 5801479

(S.D.N.Y. Sept. 28, 2020) Months later, Plaintiff again sought reconsideration of the dismissal but, on April 1, 2021, Judge Engelmayer denied Plaintiff that relief. ECF 1:18-CV-1518, 90.

### 2. *Atuegwu v. IRS USA*, No. 22-CV-1587 (LTS)

On February 25, 2022, Plaintiff, proceeding *pro se*, commenced a second action in this court, in which she sought to recover tax refunds. *Atuegwu v. IRS USA*, No. 22-CV-1587 (LTS), 2022 WL 1289328 (S.D.N.Y. Apr. 29, 2022) ("*Atuegwu II*"). In that action, Plaintiff sued the IRS as well as an IRS mail-collection stop located in Kansas City, Missouri (Stop b225), and asserted that on February 11, 2017, the IRS "refused to send [her a] tax refund and transcript, [and] as a result, [she] could not get [a] loan from the bank for [her] business to stay on." *Id*. at *2. Plaintiff attached a letter to the complaint in which she stated that she was "refiling this complaint, which [she] initially fi[l]ed with the court on [February 16, 2018], but [it] was dismissed . . . [i]n April 2021. *Id*.

On April 29, 2022, this Court dismissed *Atuegwu II* as precluded under Rule 41(b) of the Federal Rules of Civil Procedure because of the dismissal of *Atuegwu I*. *Id*. at *2-3. The Court found that Judge Engelmayer's dismissal of *Atuegwu I* was an adjudication on the merits for the purposes of Rule 41(b), and held that Plaintiff was precluded under Rule 41(b) from bringing the same claims that she had previously raised in *Atuegwu I* in this court, including any claims for judicial review of the denial of a tax refund. *Atuegwu II*, 2022 WL 1289328, at *3 (citations omitted). Plaintiff sought reconsideration of the dismissal but, on July 1, 2022, the Court denied that relief. ECF 1:22-CV-1587, 10.

### C. *Atuegwu v. IRS USA*, No. 22-CV-5204 (LTS)

On June 13, 2022, Plaintiff, proceeding *pro se*, commenced a third action in this court, in which she sought to recover tax refunds. *Atuegwu v. IRS USA*, No. 22-CV-5204 (LTS), 2022 WL 16949926 (S.D.N.Y. Nov. 14, 2022) ("*Atuegwu III*"). The Court dismissed this action for the

same reasons set forth in the April 29, 2022, order dismissing *Atuegwu II*: when a federal court dismisses a claim on the merits under Rule 41(b) of the Federal Rules of Civil Procedure, it means that that claim is precluded from being raised again in the same court. *Atuegwu III*, 2022 WL 16949926, *2 (citing *Atuegwu II*, 2022 WL 1289328, at *2). The Court concluded that Plaintiff was attempting to refile the same claims concerning her tax refunds that she previously raised in *Atuegwu I* and *Atuegwu II*, and therefore her claims were precluded by the dismissal of *Atuegwu I* under Rule 41(b).

## DISMISSAL AND ORDER TO SHOW CAUSE

For the reasons set forth in *Antuegwu II* and *Antuegwu III*, the Court dismisses the complaint as precluded by the dismissal of *Atuegwi I*. *See* Fed. R. Civ. P. 41(b).

Plaintiff has filed three actions in this Court against the IRS, seeking tax refunds. *See Antuegwe I-Antuegwu III*. In light of this litigation history, Plaintiff is ordered to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new civil actions in this court, in which she seeks tax refunds, without prior permission from the court. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.").

Within 30 days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, the Court will issue an order barring her from filing new civil actions in this court, in which she seeks tax refunds, without prior permission from the court.

## CONCLUSION

The Court dismisses Plaintiff's claims in this action that she previously raised in this court in *Atuegwu I* as precluded. See Fed. R. Civ. P. 41(b). All other pending matters in this action are terminated, including Plaintiff's motion for the appointment of counsel (ECF 3).

The Court orders Plaintiff to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new actions in this court concerning tax refunds, without prior permission from the court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 8, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Fill in above the full name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |